BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 28 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

2/28/78

IN RE SWINE FLU IMMUNIZATION )
PRODUCTS LIABILITY LITIGATION)

DOCKET NO. 330

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON *, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

I.   Background of the Litigation

This litigation presently consists of 26 actions pending

in seventeen federal districts.  The distribution of the actions

is as follows:

| | |
|---|---|
| Northern District of Alabama | 5 |
| Northern District of California | 2 |
| Eastern District of California | 2 |
| Southern District of New York | 2 |
| District of Minnesota | 2 |
| District of Hawaii | 2 |
| Northern District of New York | 1 |
| Northern District of Oklahoma | 1 |
| Northern District of Ohio | 1 |
| Southern District of Florida | 1 |
| Western District of Michigan | 1 |
| Eastern District of Missouri | 1 |
| Eastern District of Pennsylvania | 1 |
| Middle District of Tennessee | 1 |
| District of Colorado | 1 |
| District of Arizona | 1 |
| District of Vermont | 1 |

* Judges Wisdom, Weinfeld and Robson took no part in the decision
of this matter.

These actions involve claims for personal injuries or wrongful death resulting from administration of swine flu vaccinations under the National Swine Flu Immunization Program of 1976, 42 U.S.C. §247b(j)-(l). The legislation provided that the United States would assume exclusive liability, with certain limitations, for all personal injuries or deaths resulting from manufacture, distribution or administration of vaccine under the swine flu program. 42 U.S.C. §247b(k). The legislation further provided that, with certain modifications, the customary procedures for filing tort claims against the United States must be followed. Id. Those procedures require a claimant to file a written notice of claim with the United States and, if the claim is not resolved within six months, it is deemed to have been disallowed and the claimant is entitled to file suit in federal court on the claim. 28 U.S.C. §2675. The present actions apparently have been filed after compliance with those procedures.

The United States is the sole defendant in all except two of the actions. 1/   Plaintiffs in the actions generally

_____

1/   In one of the Alabama actions (Jarrett), four pharmaceutical manufacturers that participated in the swine flu program are also named as defendants. Plaintiff in Jarrett alleges that any interpretation of the statutory provisions of the swine flu program that would preclude actions against participants in the program other than the United States is unreasonable and unconstitutional.

Plaintiff in one of the Southern District of New York actions (Shiels) alleges that while he was hospitalized in a New York hospital with injuries resulting from administration of a swine flu vaccination to him, he was allowed to fall from an x-ray table, sustaining further injuries. The New York hospital is named as a second defendant in Shiels.

allege that the swine flu vaccine was improperly developed, researched, tested, manufactured, marketed, distributed, promoted and administered.  In particular, plaintiffs allege that the risks of injuries and neurological complications that might result from administration of the vaccine were inadequately disclosed.  Liability is claimed under theories of, inter alia, negligence, strict liability, fraudulent misrepresentation and breach of express and implied warranties. The injuries most frequently alleged are paralysis, a particular type of paralysis known as Guillain-Barre Syndrome, loss of sensation and death.  Plaintiff in the action pending in the Southern District of Florida (Reichlin) seeks to represent a class consisting of all individuals who have contracted Guillain-Barre Syndrome as a proximate result of having been innoculated with swine flu vaccine.  The other 25 actions are individual actions.

II.  Proceedings Before the Panel

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel ordered the parties to show cause why these 26 actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings. 2/   The plaintiffs in several actions favor transfer.

_____

2/  Another action, Rosaleen Fergus v. The United States of America, N.D. Illinois, Civil Action No. 77C3697, was included in the show cause order but has recently been dismissed.  A motion to reconsider that dismissal is presently under consideration by the Illinois court, however.  If this action is reinstated, it will be treated as a tag-along action.  See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60 (1975).

The United States and plaintiffs in several other actions oppose transfer. A number of different transferee forums have been suggested by the parties.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of the District of Columbia for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

III.  The Question of Transfer

Although the United States and some of the other parties opposing transfer recognize that these actions involve common questions of fact regarding pertinent scientific and medical data, the parties opposing transfer contend that individual factors predominate in each action. For example, they urge that the types and degrees of injuries vary; that causation varies significantly with individual factors such as age, medical history, and the amount of time that elapsed from receipt of the vaccine until the onset of injuries; that the substantive law applicable in each action will be that of the state wherein each action was filed; and that liability questions against the United States differ because in actuality the United States stands in the shoes of a number of partic-ipants in the swine flu program, including the five manu-facturers of the swine flu vaccine and the numerous local

groups that administered the vaccine.  In addition, some
opponents maintain that transfer will cause undue expense
to plaintiffs of limited financial means and that, because
new actions will continuously be filed, pretrial proceedings
in the actions in this litigation will be in many different
stages and therefore coordination or consolidation of
these proceedings will be difficult. 3/

   We find these arguments unpersuasive.  Although we
acknowledge that the swine flu actions differ in certain
respects, we are persuaded that all these actions involve
substantial common questions of fact concerning the develop-
ment, production, testing and administration of the swine
flu vaccine.  Scientific knowledge concerning the efficacy
of the swine flu vaccine and the potential risks involved
in administration of the vaccine is relevant to all actions.
Transfer is thus necessary in order to prevent duplicative
discovery concerning the same documents and witnesses and
to eliminate the possibility of conflicting pretrial rulings.
Any discovery unique to a particular action can be scheduled
by the transferee judge to proceed concurrently with the
common discovery, which will allow the litigation to proceed

_____

3/  We are advised that over 1100 claims have been filed with
the United States for injuries allegedly resulting from the
administration of vaccinations under the swine flu program,
and that over 300 of these claims involve Guillain-Barre
Syndrome.  We are further advised that no Guillain-Barre
claims have been settled by the United States.  A large number
of tag-along actions are therefore anticipated and, in fact,
several have already been filed.  Our order of December 5, 1977,
directing the United States to notify the Panel of any new
actions remains in effect.

expeditiously in all areas.  See In re Republic National-
Realty Equities Securities Litigation, 382 F. Supp. 1402,
1405-06 (J.P.M.L. 1974).

The concern that transfer might be financially burden-
some to plaintiffs of limited financial means is unwarranted.
Transfer under Section 1407 will have the salutary effect
of placing all swine flu actions before a single judge who
will be in the best position to determine the manner and
extent of coordination or consolidation of the pretrial
proceedings for the optimum conduct of the litigation as
a whole, including minimizing the overall expense to the
parties.  See In re A. H. Robins, Inc. "Dalkon Shield"
IUD Products Liability Litigation, 406 F. Supp. 540, 542
(J.P.M.L. 1975).  Since a Section 1407 transfer is for
pretrial proceedings only, there is usually no need for
the parties and witnesses to travel to the transferee
district for depositions or otherwise.  See, e.g.,
Fed.R.Civ.P. 45(d)(2).  Furthermore, the judicious use
of liaison counsel, lead counsel and steering committees
will eliminate the need for most counsel ever to travel
to the transferee district.  See Manual for Complex
Litigation, Part I, §§1.90-1.93 (rev. ed. 1977).  And
it is most logical to assume that prudent counsel will
combine their forces and apportion the workload in order
to streamline the efforts of the parties and witnesses,

their counsel and the judiciary, thereby effectuating
an overall savings of cost and a minimum of inconvenience
to all concerned.  See In re Nissan Motor Corporation
Antitrust Litigation, 385 F. Supp. 1253, 1255 (J.P.M.L.
1974).

Nor need the parties worry about incorporating tag-
along actions into the coordinated or consolidated
pretrial proceedings in this litigation.  The transferee
judge has procedures available through which appropriate
discovery already completed in earlier actions can be
made applicable to actions that are later filed.  See
Manual for Complex Litigation, Parts I and II, §§3.11
(rev. ed. 1977).  Indeed, this will be an additional
benefit of transfer under Section 1407.

IV.   Selection of the Transferee District

Since this litigation is national in scope, and many
actions filed in several different districts are involved,
any of several districts might be an appropriate trans-
feree forum.  On balance, however, we believe that the
District of the District of Columbia is the preferable
transferee forum for this litigation, even though none
of the actions yet filed in this litigation is pending
there.  Administrative control over the swine flu program
was exercised by officials of the Department of Health,
Education and Welfare, which is headquartered in the
District of Columbia.  The District of the District of

Columbia therefore has a greater nexus to the principal issues involved in this litigation than any other federal district.  See In re Sundstrand Data Control, Inc. Patent Litigation, ____ F. Supp. ____, ____ (J.P.M.L., filed January 27, 1978) (slip opinion at 6-8).

Although we are particularly sensitive to the arguments of certain plaintiffs for selection of a transferee district in the central part of the country in order to best facilitate the convenience of the plaintiffs, we are satisfied that the need for a central location will be minimized by optimum use of lead counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Gerhard A. Gesell for coordinated or consolidated pretrial proceedings.

DOCKET NO. 330                                    SCHEDULE A

### NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Roland Ryan v. The United States of America | Civil Action No. 77M1666S |
| Leevotus Cooper v. The United States of America | Civil Action No. 77P1500S |
| George T. Jarrett, etc. v. The United States of America, et al. | Civil Action No. 77L5051NE |
| Bert Moss v. The United States of America | Civil Action No. 77H1587M |
| Mary A. Moss v. The United States of America | Civil Action No. 77H1586M |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Ray Putman v. The United States of America | Civil Action No. C77-2201-RHS |
| Stephen Burke v. The United States of America | Civil Action No. C77-2234-SAW |

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Edwin Blake v. The United States of America | Civil Action No. Civ S 77-665-TJM |
| Albert J. Heitz v. The United States of America | Civil Action No. Civ S-77-578-TJM |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George F. Shiels v. The United States of America | Civil Action No. 77 Civ. 5231 |
| Benton Fischer v. The United States of America | Civil Action No. 77 Civ 5495 |

DISTRICT OF MINNESOTA

Dorothy Burdine, etc. v. The United States          Civil Action
of America                                          No. Civ 4-77-333

Rodney J. Ganje v. The United States of            Civil Action
America                                            No. Civ 4-77-412

DISTRICT OF HAWAII

Kenneth Tatsuro Hazemoto v. The United             Civil Action
States of America                                  No. 77-0264

Mark Charles Waldvogel, et al. v. The              Civil Action
United States of America                           No. 77-0459

NORTHERN DISTRICT OF NEW YORK

Catharine M. McDonough v. The United               Civil Action
States of America                                  No. 77 CV416

NORTHERN DISTRICT OF OKLAHOMA

J. Don Foster v. The United States of              Civil Action
America                                            No. 77-C-465-B

NORTHERN DISTRICT OF OHIO

Mary Ellen Ivan, et al. v. The United              Civil Action
States of America                                  No. C77-229-Y

SOUTHERN DISTRICT OF FLORIDA

Celia D. Reichlin v. The United States             Civil Action
of America                                         No. 77-5892-Civ-CA

WESTERN DISTRICT OF MICHIGAN

Kathleen Herbst, etc. v. The United                Civil Action
States of America                                  No. G77-543

MDL-330 -- Schedule A -- p.3

### EASTERN DISTRICT OF MISSOURI

Weldon Edward Pretre, etc. v. The United          Civil Action
States of America                                 No. 77-1107C(4)

### EASTERN DISTRICT OF PENNSYLVANIA

Arthur S. Polk, etc. v. The United States         Civil Action
of America                                        No. 77-4041

### MIDDLE DISTRICT OF TENNESSEE

Katherine G. Wolfe, et al. v. The                 Civil Action
United States of America                          No. 77-2083-NE-CV

### DISTRICT OF COLORADO

Scott Richard Heath v. The United                 Civil Action
States of America                                 No. 77-F-1113

### DISTRICT OF ARIZONA

Jerome Katz v. The United States of               Civil Action
America                                           No. Civ 77-249-Tuc

### DISTRICT OF VERMONT

Roger A. Mitiguy v. The United States             Civil Action
of America                                        No. 77-243

DOCKET NO. 330

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -5 1977

PATRICIA D. HOWARD

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SWINE FLU IMMUNIZATION PRODUCTS LIABILITY LITIGATION

ORDER TO SHOW CAUSE

You and each of you are hereby ORDERED to show cause why the actions listed on the attached Schedule A should not be transferred pursuant to 28 U.S.C. §1407 to a single district for coordinated or consolidated pretrial proceedings.

Responses to this order shall conform with the requirements of Rule 8, of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 65 F.R.D. 253 (1975).

IT IS FURTHER ORDERED that defendant United States inform the Panel of additional federal actions which are filed as a result of the National Swine Flu Immunization Program of 1976, enacted by the Congress of the United States on August 12, 1976 as Public Law 94-380. This notification should encompass not only additional actions which are presently pending but also all future-filed federal actions.

You are further notified that the issuing of this order by the Panel does not affect or suspend orders and discovery proceedings in the district courts in which said multidistrict litigation is pending. RPJPML (Rule 16).

FOR THE PANEL:

John Minor Wisdom

_____
John Minor Wisdom
Chairman

### NORTHERN DISTRICT OF ALABAMA

Roland Ryan v. Secretary of H.E.W.

Civil Action
No. 77G1452S

Leevotus Cooper v. The United States
of America

Civil Action
No. 77P1500S

George T. Jarrett, etc. v. The United
States of America, et al.

Civil Action
No. 77L5051NE

### NORTHERN DISTRICT OF CALIFORNIA

Robert Ray Putman v. United States of
America

Civil Action
No. C77-2201-RHS

Stephen Burke v. United States of
America

Civil Action
No. C77-2234-SAW

### WESTERN DISTRICT OF MICHIGAN

Kathleen Herbst, etc. v. The United
States of America

Civil Action
No. G77-543

### MIDDLE DISTRICT OF LOUISIANA

Therese A. LaFleur v. The United
States of America

Civil Action
No. 77-419

### DISTRICT OF VERMONT

Roger A. Mitiguy v. The United
States of America

Civil Action
No. 77-243

### EASTERN DISTRICT OF MISSOURI

Weldon Edward Pretre, etc. v. The
United States of America

Civil Action
No. 77-1107C(4)

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 28 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE SWINE FLU IMMUNIZATION )
PRODUCTS LIABILITY LITIGATION)

DOCKET NO. 330

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON *, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

I.   Background of the Litigation

This litigation presently consists of 26 actions pending

in seventeen federal districts.   The distribution of the actions

is as follows:

| | |
|---|---|
| Northern District of Alabama | 5 |
| Northern District of California | 2 |
| Eastern District of California | 2 |
| Southern District of New York | 2 |
| District of Minnesota | 2 |
| District of Hawaii | 2 |
| Northern District of New York | 1 |
| Northern District of Oklahoma | 1 |
| Northern District of Ohio | 1 |
| Southern District of Florida | 1 |
| Western District of Michigan | 1 |
| Eastern District of Missouri | 1 |
| Eastern District of Pennsylvania | 1 |
| Middle District of Tennessee | 1 |
| District of Colorado | 1 |
| District of Arizona | 1 |
| District of Vermont | 1 |

* Judges Wisdom, Weinfeld and Robson took no part in the decision
of this matter.

These actions involve claims for personal injuries or wrongful death resulting from administration of swine flu vaccinations under the National Swine Flu Immunization Program of 1976, 42 U.S.C. §247b(j)-(l).  The legislation provided that the United States would assume exclusive liability, with certain limitations, for all personal injuries or deaths resulting from manufacture, distribution or administration of vaccine under the swine flu program.  42 U.S.C. §247b(k). The legislation further provided that, with certain modifications,  the customary procedures for filing tort claims against the United States must be followed.  Id.  Those procedures require a claimant to file a written notice of claim with the United States and, if the claim is not resolved within six months, it is deemed to have been disallowed and the claimant is entitled to file suit in federal court on the claim.  28 U.S.C. §2675.  The present actions apparently have been filed after compliance with those procedures.

The United States is the sole defendant in all except two of the actions.[1]   Plaintiffs in the actions generally

_____

[1]   In one of the Alabama actions (Jarrett), four pharmaceutical manufacturers that participated in the swine flu program are also named as defendants.  Plaintiff in Jarrett alleges that any interpretation of the statutory provisions of the swine flu program that would preclude actions against participants in the program other than the United States is unreasonable and unconstitutional.
    Plaintiff in one of the Southern District of New York actions (Shiels) alleges that while he was hospitalized in a New York hospital with injuries resulting from administration of a swine flu vaccination to him, he was allowed to fall from an x-ray table, sustaining further injuries.  The New York hospital is named as a second defendant in Shiels.

allege that the swine flu vaccine was improperly developed,
researched, tested, manufactured, marketed, distributed,
promoted and administered.  In particular, plaintiffs allege
that the risks of injuries and neurological complications
that might result from administration of the vaccine were
inadequately disclosed.  Liability is claimed under theories
of, inter alia, negligence, strict liability, fraudulent
misrepresentation and breach of express and implied warranties.
The injuries most frequently alleged are paralysis, a particular
type of paralysis known as Guillain-Barre Syndrome, loss of
sensation and death.  Plaintiff in the action pending in the
Southern District of Florida (Reichlin) seeks to represent
a class consisting of all individuals who have contracted
Guillain-Barre Syndrome as a proximate result of having been
innoculated with swine flu vaccine.  The other 25 actions
are individual actions.

II.  Proceedings Before the Panel

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L.,
65 F.R.D. 253, 258-59 (1975), the Panel ordered the parties
to show cause why these 26 actions should not be transferred
to a single district for coordinated or consolidated pretrial
proceedings. [2/]  The plaintiffs in several actions favor transfer.

_____

2/ Another action, Rosaleen Fergus v. The United States of
America, N.D. Illinois, Civil Action No. 77C3697, was included
in the show cause order but has recently been dismissed.  A
motion to reconsider that dismissal is presently under consider-
ation by the Illinois court, however.  If this action is
reinstated, it will be treated as a tag-along action.  See
Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60
(1975).

The United States and plaintiffs in several other actions oppose transfer.  A number of different transferee forums have been suggested by the parties.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of the District of Columbia for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

III.   The Question of Transfer

Although the United States and some of the other parties opposing transfer recognize that these actions involve common questions of fact regarding pertinent scientific and medical data, the parties opposing transfer contend that individual factors predominate in each action.  For example, they urge that the types and degrees of injuries vary; that causation varies significantly with individual factors such as age, medical history, and the amount of time that elapsed from receipt of the vaccine until the onset of injuries; that the substantive law applicable in each action will be that of the state wherein each action was filed; and that liability questions against the United States differ because in actuality the United States stands in the shoes of a number of partic-ipants in the swine flu program, including the five manu-facturers of the swine flu vaccine and the numerous local

groups that administered the vaccine.  In addition, some opponents maintain that transfer will cause undue expense to plaintiffs of limited financial means and that, because new actions will continuously be filed, pretrial proceedings in the actions in this litigation will be in many different stages and therefore coordination or consolidation of these proceedings will be difficult.[3]/

We find these arguments unpersuasive.  Although we acknowledge that the swine flu actions differ in certain respects, we are persuaded that all these actions involve substantial common questions of fact concerning the development, production, testing and administration of the swine flu vaccine.  Scientific knowledge concerning the efficacy of the swine flu vaccine and the potential risks involved in administration of the vaccine is relevant to all actions. Transfer is thus necessary in order to prevent duplicative discovery concerning the same documents and witnesses and to eliminate the possibility of conflicting pretrial rulings. Any discovery unique to a particular action can be scheduled by the transferee judge to proceed concurrently with the common discovery, which will allow the litigation to proceed

---

3/  We are advised that over 1100 claims have been filed with the United States for injuries allegedly resulting from the administration of vaccinations under the swine flu program, and that over 300 of these claims involve Guillain-Barre Syndrome.  We are further advised that no Guillain-Barre claims have been settled by the United States.  A large number of tag-along actions are therefore anticipated and, in fact, several have already been filed.  Our order of December 5, 1977, directing the United States to notify the Panel of any new actions remains in effect.

- 6 -

expeditiously in all areas.  See In re Republic National-
Realty Equities Securities Litigation, 382 F. Supp. 1402,
1405-06 (J.P.M.L. 1974).

The concern that transfer might be financially burden-
some to plaintiffs of limited financial means is unwarranted.
Transfer under Section 1407 will have the salutary effect
of placing all swine flu actions before a single judge who
will be in the best position to determine the manner and
extent of coordination or consolidation of the pretrial
proceedings for the optimum conduct of the litigation as
a whole, including minimizing the overall expense to the
parties.  See In re A. H. Robins, Inc. "Dalkon Shield"
IUD Products Liability Litigation, 406 F. Supp. 540, 542
(J.P.M.L. 1975).  Since a Section 1407 transfer is for
pretrial proceedings only, there is usually no need for
the parties and witnesses to travel to the transferee
district for depositions or otherwise.  See, e.g.,
Fed.R.Civ.P. 45(d)(2).  Furthermore, the judicious use
of liaison counsel, lead counsel and steering committees
will eliminate the need for most counsel ever to travel
to the transferee district.  See Manual for Complex
Litigation, Part I, §§1.90-1.93 (rev. ed. 1977).  And
it is most logical to assume that prudent counsel will
combine their forces and apportion the workload in order
to streamline the efforts of the parties and witnesses,

their counsel and the judiciary, thereby effectuating

an overall savings of cost and a minimum of inconvenience

to all concerned.  See In re Nissan Motor Corporation

Antitrust Litigation, 385 F. Supp. 1253, 1255 (J.P.M.L.

1974).

Nor need the parties worry about incorporating tag-

along actions into the coordinated or consolidated

pretrial proceedings in this litigation.  The transferee

judge has procedures available through which appropriate

discovery already completed in earlier actions can be

made applicable to actions that are later filed.  See

Manual for Complex Litigation, Parts I and II, §§3.11

(rev. ed. 1977).  Indeed, this will be an additional

benefit of transfer under Section 1407.

IV.  Selection of the Transferee District

Since this litigation is national in scope, and many

actions filed in several different districts are involved,

any of several districts might be an appropriate trans-

feree forum.  On balance, however, we believe that the

District of the District of Columbia is the preferable

transferee forum for this litigation, even though none

of the actions yet filed in this litigation is pending

there.  Administrative control over the swine flu program

was exercised by officials of the Department of Health,

Education and Welfare, which is headquartered in the

District of Columbia.  The District of the District of

- 8 -

Columbia therefore has a greater nexus to the principal issues involved in this litigation than any other federal district.  See In re Sundstrand Data Control, Inc. Patent Litigation, ___ F. Supp. ____, ____ (J.P.M.L., filed January 27, 1978) (slip opinion at 6-8).

Although we are particularly sensitive to the arguments of certain plaintiffs for selection of a transferee district in the central part of the country in order to best facilitate the convenience of the plaintiffs, we are satisfied that the need for a central location will be minimized by optimum use of lead counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Gerhard A. Gesell for coordinated or consolidated pretrial proceedings.

DOCKET NO. 330                                    SCHEDULE A

### NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Roland Ryan v. The United States of America | Civil Action No. 77M1666S |
| Leevotus Cooper v. The United States of America | Civil Action No. 77P1500S |
| George T. Jarrett, etc. v. The United States of America, et al. | Civil Action No. 77L5051NE |
| Bert Moss v. The United States of America | Civil Action No. 77H1587M |
| Mary A. Moss v. The United States of America | Civil Action No. 77H1586M |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Ray Putman v. The United States of America | Civil Action No. C77-2201-RHS |
| Stephen Burke v. The United States of America | Civil Action No. C77-2234-SAW |

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Edwin Blake v. The United States of America | Civil Action No. Civ S 77-665-TJM |
| Albert J. Heitz v. The United States of America | Civil Action No. Civ S-77-578-TJM |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George F. Shiels v. The United States of America | Civil Action No. 77 Civ. 5231 |
| Benton Fischer v. The United States of America | Civil Action No. 77 Civ 5495 |

### DISTRICT OF MINNESOTA

Dorothy Burdine, etc. v. The United States
of America

Civil Action
No. Civ 4-77-333

Rodney J. Ganje v. The United States of
America

Civil Action
No. Civ 4-77-412

### DISTRICT OF HAWAII

Kenneth Tatsuro Hazemoto v. The United
States of America

Civil Action
No. 77-0264

Mark Charles Waldvogel, et al. v. The
United States of America

Civil Action
No. 77-0459

### NORTHERN DISTRICT OF NEW YORK

Catharine M. McDonough v. The United
States of America

Civil Action
No. 77 CV416

### NORTHERN DISTRICT OF OKLAHOMA

J. Don Foster v. The United States of
America

Civil Action
No. 77-C-465-B

### NORTHERN DISTRICT OF OHIO

Mary Ellen Ivan, et al. v. The United
States of America

Civil Action
No. C77-229-Y

### SOUTHERN DISTRICT OF FLORIDA

Celia D. Reichlin v. The United States
of America

Civil Action
No. 77-5892-Civ-CA

### WESTERN DISTRICT OF MICHIGAN

Kathleen Herbst, etc. v. The United
States of America

Civil Action
No. G77-543

MDL-330 -- Schedule A -- p.3

### EASTERN DISTRICT OF MISSOURI

Weldon Edward Pretre, etc. v. The United
States of America

Civil Action
No. 77-1107C(4)

### EASTERN DISTRICT OF PENNSYLVANIA

Arthur S. Polk, etc. v. The United States
of America

Civil Action
No. 77-4041

### MIDDLE DISTRICT OF TENNESSEE

Katherine G. Wolfe, et al. v. The
United States of America

Civil Action
No. 77-2083-NE-CV

### DISTRICT OF COLORADO

Scott Richard Heath v. The United
States of America

Civil Action
No. 77-F-1113

### DISTRICT OF ARIZONA

Jerome Katz v. The United States of
America

Civil Action
No. Civ 77-249-Tuc

### DISTRICT OF VERMONT

Roger A. Mitiguy v. The United States
of America

Civil Action
No. 77-243

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SWINE FLU IMMUNIZATION          )     DOCKET NO. 330
PRODUCTS LIABILITY LITIGATION         )
                                      )
   Patricia W. Childress v. United States)
   of America, E.D. Tennessee, C.A. No. )
   1-77-313                            )
   Debra L. Gordon v. United States of )
   America, et al, D. Oregon, C.A. No. )
   78-110                             )

                OPINION AND ORDER
                _____

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER*, JUDGES OF THE
PANEL.

PER CURIAM

     On February 28, 1978, the Panel, pursuant to 28

U.S.C. §1407, transferred a number of actions in this

litigation to the District of the District of Columbia

and, with the consent of that court, assigned them

to the Honorable Gerhard A. Gesell for coordinated

or consolidated pretrial proceedings.  In re Swine

Flu Immunization Products Liability Litigation, 446

F.Supp. 244 (J.P.M.L. 1978). Since that date, several

tag-along actions have been transferred to that district

or originally filed there.[1/]   The actions in the trans-

_____
*Judge Harper took no part in the decision of this
matter.
1/ See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253,
255, 259-60 (1975).

feree district involve claims against the United States
for personal injuries or wrongful death allegedly resulting
from administration of swine flu vaccinations under
the National Swine Flu Immunization Program of 1976,
42 U.S.C. §247b(j)-(1).  Plaintiffs in those actions
generally allege that the swine flu vaccine was improperly
developed, researched, tested, manufactured, marketed,
distributed, promoted and administered.  The injuries
most frequently alleged are paralysis, a particular
type of paralysis known as Guillain-Barre Syndrome,
loss of sensation and death. In re Swine Flu Immunization
Products Liability Litigation, supra, 446 F.Supp. at 246.

        The first above-captioned action (Tennessee
action) has been brought against the United States
by an individual who alleges that while she was exiting
the building in which she received a swine flu vaccination,
she fainted and fell, chipping several teeth and suffering
lacerations to her mouth. Like plaintiffs in some of
the actions in the transferee district, plaintiff in
this action alleges that defendant is liable for her
injuries under theories of negligence, strict liability
and breach of implied warranties.

        The second above-captioned action (Oregon action)
has been brought against the United States and an Oregon

county by an individual who alleges that she suffered
severe and permanent deterioration of the muscles in
her left shoulder as a result of receiving a swine
flu vaccination.[2/]

Since these actions appeared to share questions
of fact with the previously transferred actions, the
Panel entered orders conditionally transferring these
actions to the District of the District of Columbia
for inclusion in the coordinated or consolidated pretrial
proceedings occurring in that district.[3/] Plaintiff
in each action opposes transfer of her respective action.
The United States and the plaintiffs' steering committee
in the transferee district favor transfer of both ac-
tions.[4/]

We find that these two actions share questions
of fact with the previously transferred actions and
that transfer of the two actions to the District of
the District of Columbia pursuant to Section 1407 will
best serve the convenience of the parties and witnesses
and promote the just and efficient conduct of the liti-
gation.

---

2/ Although not specifically stated in the complaint
in the Oregon action, plaintiff states in her brief
before the Panel that her cause of action is based
on strict liability.
3/ See Rule 9, R.P.J.P.M.L., supra, 65 F.R.D. at 259-60.
4/ All parties in these two actions waived their right
to oral argument and, accordingly, the question of
transfer in these actions was submitted for decision
on the briefs. See Rule 14, R.P.J.P.M.L., id. at 264.

Plaintiff in the Tennessee action states that her action is the only pending action which is based on injuries sustained from fainting after receipt of a swine flu vaccination.  Therefore, she contends, the factual and legal issues involved in her action are different from the factual and legal issues involved in all other swine flu actions. She also maintains that she could not afford to participate fully in pretrial proceedings in the transferee district.

Plaintiff in the Oregon action asserts that she lacks the financial resources to pursue her cause of action anywhere outside the State of Oregon and that she would be financially unable to enter an appearance in the District of the District of Columbia.

We find the arguments in opposition to transfer of these two actions unpersuasive. Similar arguments in opposition to transfer were presented in connection with our original consideration of this litigation. For the reasons stated in our opinion and order issued at that time, we find that transfer of these two tag-along actions is also appropriate. See In re Swine Flu Immunization Products Liability Litigation, supra, 446 F.Supp. 244.  The following sections of that opinion are particularly instructive in the present context:

Although we acknowledge that the swine flu actions
differ in certain respects, we are persuaded that
all these actions involve substantial common questions
of fact concerning the development, production,
testing and administration of the swine flu vaccine.
Scientific knowledge concerning the efficacy
of the swine flu vaccine and the potential risks
involved in administration of the vaccine is relevant
to all actions. Transfer is thus necessary in
order to prevent duplicative discovery concerning
the same documents and witnesses and to eliminate
the possibility of conflicting pretrial rulings.
Any discovery unique to a particular action can
be scheduled by the transferee judge to proceed
concurrently with the common discovery, which will
allow the litigation to proceed expeditiously
in all areas. See In re Republic National-Realty
Equities Securities Litigation, 382 F.Supp. 1403,
1405-06 (J.P.M.L.1974).

The concern that transfer might be financially
burdensome to plaintiffs of limited financial
means is unwarranted.  Transfer under Section
1407 will have the salutary effect of placing
all swine flu actions before a single judge who
will be in the best position to determine the
manner and extent of coordination or consolidation
of the pretrial proceedings for the optimum conduct
of the litigation as a whole, including minimizing
the overall expense of the parties. See In re
A.H. Robins Co., Inc. "Dalkon Shield" IUD Products
Liability Litigation, 406 F.Supp. 540, 542 (J.P.M.L.
1975). Since a Section 1407 transfer is for pretrial
proceedings only, there is usually no need for
the parties and witnesses to travel to the transferee
district for depositions or otherwise. See, e.g.,
Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious
use of liaison counsel, lead counsel and steering
committees will eliminate the need for most counsel
ever to travel to the transferee district. See
Manual for Complex Litigation, Part I, §§1.90-1.93
(rev. ed. 1977). And it is most logical to assume
that prudent counsel will combine their forces
and apportion the workload in order to streamline
the efforts of the parties and witnesses, their
counsel and the judiciary, thereby effectuating
an overall savings of cost and a minimum of incon-
venience to all concerned. See In re Nissan Motor
Corporation Antitrust Litigation, 385 F.Supp.
1253, 1255 (J.P.M.L. 1974).

- 6 -

    Nor need the parties worry about incorporating tag-along actions into the coordinated or consolidated pretrial proceedings in this litigation. The transferee judge has procedures available through which appropriate discovery already completed in earlier actions can be made applicable to actions that are later filed. See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Indeed, this will be an additional benefit of transfer under Section 1407.

Id. at 246-47.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled Patricia W. Childress v. United States of America, E.D. Tennessee, C.A. No. 1-77-313, and Debra L. Gordon v. United States of America, et al., D. Oregon, C.A. No. 78-110, be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Gerhard A. Gesell for coordinated or consolidated pretrial proceedings with the actions pending there.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 31 1978

PATRICIA D. HOWARD
CLERK

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

In re Swine Flu Immunization     )
Products Liability Litigation    ) Docket No. 330
                                 )

Jerry L. and Betty Porter v. United States of America,
   et al., N.D.Ohio, C.A. No. C78-195
Garrett E. Winter v. United States of America, et al.,
   N.D.California, C.A.No. C78-1179-SC

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND
ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

The Panel, pursuant to 28 U.S.C. §1407, previously trans-
ferred a number of actions in this litigation to the District
of the District of Columbia for coordinated or consolidated
pretrial proceedings before the Honorable Gerhard A. Gesell.
In re Swine Flu Immunization Products Liability Litigation,
446 F.Supp. 244; 453 F.Supp. 648 (J.P.M.L. 1978).   The
actions in the transferee district involve claims for
personal injuries or wrongful death allegedly resulting
from administration of swine flu vaccinations under the
National Swine Flu Immunization Program of 1976, 42 U.S.C.
§247b(j)-(l).   The claims are asserted against the United
States and other participants in the Swine Flu Program.[1]

---

[1]  The legislation enacting the Swine Flu Program
provided that the United States would assume exclusive
liability, with certain limitations, for all personal
injuries or deaths resulting from manufacture, distribution
or administration of vaccine under the Swine Flu Program.
42 U.S.C. §247b(k).

Plaintiffs in those actions generally allege that the swine flu vaccine was improperly developed, researched, tested, manufactured, marketed, distributed, promoted and administered. The injuries most frequently alleged are paralysis, a particular type of paralysis known as Guillain-Barre Syndrome, loss of sensation and death.

On June 20, 1978, the Secretary of the Department of Health, Education, and Welfare released a statement in which the Secretary stated that, to receive federal compensation, Guillain-Barre claimants will not need to prove negligence by participants in the Swine Flu Program, but would have to show only that the claimant in fact developed Guillain-Barre Syndrome as a result of a swine flu vaccination and suffered the alleged damages as a result of that condition. The Secretary noted, however, that although negligence will no longer be an issue, Guillain-Barre claims will be closely examined to determine proof of injury, causation and the fair amount of compensation. This policy applies only to Guillain-Barre claims.

Plaintiffs in the first above-captioned action (Porter) are an individual who allegedly contracted Guillain-Barre Syndrome as a result of receiving a swine flu vaccination, and his wife. In addition to the United States, the laboratory that allegedly prepared the vaccine is named as a defendant.

Plaintiff in the second above-captioned action (Winter) is an individual who allegedly contracted Guillain-Barre Syndrome as a result of receiving a swine flu vaccination. In addition to the United States, other program participants named as defendants in Winter are a California county, a laboratory and the parent corporation of the laboratory.

Because Porter and Winter appeared to involve common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975), entered orders conditionally transferring Porter and Winter to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiffs in Porter oppose transfer of Porter. The California county which is named as a defendant in Winter opposes transfer of Winter. The United States and plaintiffs' steering committee for MDL-330 favor transfer of both actions.

We find that, in view of the Secretary's statement concerning Guillain-Barre claims, and on the basis of the rest of the record before us, Porter and Winter no longer share questions of fact with any other swine flu actions, and that transfer of these two actions would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly,

we vacate the conditional transfer orders.[2]

The proponents of transfer essentially argue that, despite the Secretary's statement, these actions will still share many of the same discovery and pretrial concerns with other swine flu actions and would benefit from inclusion in the coordinated or consolidated pretrial proceedings occurring in the transferee district.

We find these arguments unpersuasive.  The common questions of fact in this litigation pertain to the issue of liability.  See In re Swine Flu Immunization Products Liability Litigation, supra, 446 F. Supp. at 246-47.  Because the Secretary's statement purports to remove the issue of liability from Porter and Winter,[3] and the remaining issues of proof of injury, causation and damages are unique as to the plaintiffs in Porter and Winter, respectively, inclusion of these actions in the coordinated or consolidated pretrial proceedings is not appropriate at the present time.  See In re Air Crash Disaster at Pago Pago, American Samoa on January 30, 1974, 394 F. Supp. 799 (J.P.M.L. 1975).

_____

2/  All parties in Winter waived their right to oral argument and, accordingly, the question of transfer of this action was submitted for decision on the briefs. Defendants in Porter also waived their right to oral argument.  See Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

3/ For the purposes of this opinion, the Panel must necessarily rely on the allegations in the complaints in Porter and Winter that Guillain-Barre claims are involved in these actions. See In re Kauffman Mutual Fund Actions, 337 F.Supp. 1337, 1339-40 (J.P.M.L. 1972).

IT IS THEREFORE ORDERED that the conditional transfer orders in the actions entitled Jerry L. and Betty Porter v. United States of America, et al., N.D.Ohio, C.A. No. C78-195, and Garrett E. Winter v. United States of America, et al., N.D.California, C.A.No. C78-1179-SC, be, and the same hereby are, VACATED.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SWINE FLU IMMUNIZATION PRODUCTS )
LIABILITY LITIGATION )
)
Jerry L. and Betty Porter v. United )
  States of America, et al., N.D. Ohio, )
  C.A. No. C78-195 )
Garrett E. Winter v. United States )
  of America, et al., N.D. California, )
  C.A. No. C78-1179-SC )
Margaret M. Goldstein v. United States )
  of America, E.D. Pennsylvania, )
  C.A. No. 78-2524 )
John D. Moseley, etc. v. United States )
  of America, E.D. California, )
  C.A. No. S-78-411-PCW )

DOCKET NO. 330

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY,
AND ROY W. HARPER, JUDGES OF THE PANEL.

I.   BACKGROUND

    The Panel, pursuant to 28 U.S.C. §1407, previously

transferred a number of actions in this litigation to

the District of the District of Columbia for coordinated

or consolidated pretrial proceedings before the Honorable

Gerhard A. Gesell. In re Swine Flu Immunization Products

Liability Litigation, 446 F. Supp. 244; 453 F. Supp.

648 (J.P.M.L. 1978). The actions in the transferee district

involve claims for personal injuries or wrongful death

allegedly resulting from administration of swine flu

vaccinations under the National Swine Flu Immunization

Program of 1976, 42 U.S.C. §247b(j)-(1). The claims

---

\*   Judge Weinfeld did not participate in the decision
of this matter.

are asserted against the United States and other partici-
pants in the Swine Flu Program.[1]   Plaintiffs in those
actions generally allege that the swine flu vaccine was
improperly developed, researched, tested, manufactured,
marketed, distributed, promoted and administered.   The
injuries most frequently alleged are paralysis, a particular
type of paralysis known as Guillain-Barre Syndrome, loss
of sensation and death.

On June 20, 1978, the Secretary of the Department
of Health, Education and Welfare released a statement
in which the Secretary stated that, to receive federal
compensation, Guillain-Barre claimants will not need
to prove negligence by participants in the Swine Flu
Program, but will have to show only that the claimant
in fact developed Guillain-Barre Syndrome as a result
of a swine flu vaccination and suffered the alleged damages
as a result of that condition.   The  Secretary noted,
however, that although negligence will no longer be an
issue, Guillain-Barre claims will be closely examined
to determine proof of injury, causation and the fair
amount of compensation.   This policy, the Secretary stated,
applies only to Guillain-Barre claims.

---

[1]   The legislation enacting the Swine Flu Program provided
that the United States would assume exclusive liability,
with certain limitations, for all personal injuries or
deaths resulting from manufacture, distribution or admin-
istration of vaccine under the Swine Flu Program.   42
U.S.C. §247b(k).

Plaintiffs in the first above-captioned action (<u>Porter</u>) are an individual who allegedly contracted Guillain-Barre Syndrome as a result of receiving a swine flu vaccination, and his wife. In addition to the United States, the laboratory that allegedly prepared the vaccine is named as a defendant.

Plaintiff in the second above-captioned action (<u>Winter</u>) is also an individual who allegedly contracted Guillain-Barre Syndrome as a result of receiving a swine flu vaccination. In addition to the United States, other program participants named as defendants in <u>Winter</u> are a California county, a laboratory and the parent corporation of the laboratory.

The third above-captioned action (<u>Goldstein</u>) is brought on behalf of the estate of an individual who allegedly suffered severe and disabling injuries, "including but not limited to Guillain-Barre polyneuritis," eventually resulting in his death, as a result of receiving a swine flu vaccination. The United States is the sole defendant.

Plaintiff in the fourth above-captioned action (<u>Moseley</u>) is the executor of the estate of his wife. She allegedly suffered injuries to her lungs and respiratory system, eventually resulting in her death, as a result of receiving a swine flu vaccination. The United States is the sole defendant. No Guillain-Barre claim is made in <u>Moseley</u>.

Because Porter and Winter appeared to involve common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567-68 (1978), entered orders conditionally transferring Porter and Winter to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiffs in Porter opposed transfer of Porter.   The California county named as a defendant in Winter opposed transfer of Winter.   The United States and plaintiffs' steering committee for MDL-330 favored transfer of both actions.   On October 31, 1978, the Panel denied transfer with respect to Porter and Winter.   The following excerpts from the Panel's opinion of that date are relevant here:

> We find that, in view of the Secretary's statement concerning Guillain-Barre claims, and on the basis of the rest of the record before us, Porter and Winter no longer share questions of fact with any other swine flu actions and that transfer of these two actions would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  Accordingly, we vacate the conditional transfer orders.[2/]

> The proponents of transfer essentially argue that, despite the Secretary's statement, these actions will still share many of the same discovery and pretrial concerns with other swine flu actions and would benefit from inclusion in the coordinated or consolidated pretrial proceedings occurring in the transferee district.

[2/] All parties in Winter waived their right to oral argument and, accordingly, the question of transfer of this action was submitted for decision on the briefs.  Defendants in Porter also waived their right to oral argument.  See Rule 14, R.P.J.P. M.L., 78 F.R.D. 561, 572 (1978).

We find these arguments unpersuasive.  The
common questions of fact in this litigation pertain
to the issue of liability.  See In re Swine Flu
Immunization Products Liability Litigation, supra,
446 F. Supp. at 246-47.  Because the Secretary's
statement purports to remove the issue of liability
from Porter and Winter,[3] and the remaining issues
of proof of injury, causation and damages are unique
as to the plaintiffs in Porter and Winter, respec-
tively, inclusion of these actions in the coordinated
or consolidated pretrial proceedings is not appropriate
at the present time.  See In re Air Crash Disaster
at Pago, Pago, American Samoa on January 30, 1974,
394 F. Supp. 799 (J.P.M.L. 1975).

[3]  For the purposes of this opinion, the Panel
must necessarily rely on the allegations in the
complaints in Porter and Winter that Guillain-Barre
claims are involved in these actions.  See In re
Kauffman Mutual Fund Actions, 337 F. Supp. 1337,
1339-40 (J.P.M.L. 1972).

II.  PROCEEDINGS BEFORE THE PANEL

A. Porter and Winter

The United States has moved for reconsideration

of the Panel's October 31, 1978 opinion denying transfer

of Porter and Winter.  The United States requests the

Panel to vacate the opinion and to transfer Porter and

Winter.  The California county named as a defendant in

Winter now supports the position of the United States.

Plaintiffs in Porter oppose reconsideration. Plaintiff

in Winter has not responded to the motion for recon-

sideration.

B.  Goldstein and Moseley[2]/

Because Goldstein and Moseley appeared to involve common questions of fact with the actions in this litigation previously transferred to the District of the District of Columbia, the Panel, pursuant to Rule 9, R.P.J.P.M.L., supra, 78 F.R.D. at 567-68, entered orders conditionally transferring Goldstein and Moseley to the District of the District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiff in each action opposes transfer of his or her respective action.  The United States and plaintiffs' steering committee for MDL-330 favor transfer of these actions.[3]/

III.  DECISION OF THE PANEL

With respect to Porter, Winter and Goldstein, which for our present purposes, and without making any finding to that effect, we will assume involve Guillain-Barre claims,[4]/ we find that, in light of recent doubts concerning

_____

2/   A fifth action which was before the Panel, Howard and Goldie Stahl v. United States of America, S.D. Florida, C.A. No. 78-3688-Civ-SMA, has been dismissed.  Consideration of the question of transfer with respect to this action is therefore moot.

3/   The plaintiffs' steering committee appeared at oral argument.  Plaintiffs Goldstein and Moseley and defendant United States waived their right to oral argument.

4/   As we have noted earlier in this opinion, the Panel necessarily must rely on the allegations in the complaints in these actions.  See note 3 of the quoted material on page 5, supra.

whether the Secretary's statement has removed the issue of liability from actions involving Guillain-Barre claims in MDL-330, Porter, Winter and Goldstein still share questions of fact with other MDL-330 actions, and transfer of these three actions under Section 1407 for inclusion in the coordinated or consolidated pretrial proceedings occurring in the District of the District of Columbia before Judge Gesell will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Accordingly, we grant the motion for reconsideration with respect to Porter and Winter, vacate our opinion and order of October 31, 1978 concerning Porter and Winter, and order transfer of Porter, Winter and Goldstein.

We further find that Moseley, which involves no Guillain-Barre claim, clearly shares questions of fact with other MDL-330 actions and that transfer of Moseley under Section 1407 for inclusion in the coordinated or consolidated pretrial proceedings occurring in the transferee district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

IV.   REASONING

    A.  Porter, Winter and Goldstein

    The opponents of transfer argue in essence that the Secretary's statement has removed the common issue

of liability from their respective actions involving
Guillain-Barre claims; that the remaining issues of
proof of injury, causation and damages are unique with
respect to each action; and that inclusion of these actions
in the coordinated or consolidated pretrial proceedings
is therefore inappropriate.

The United States argues in support of reconsideration
and transfer that the Panel "erred in concluding that
Secretary Califano's statement removed the issue of lia-
bility from [the MDL-330 proceedings with respect to
actions involving Guillain-Barre claims].  Secretary
Califano's statement did not have that effect."  Memorandum
of the United States in Support of Its Motion for Reconsider-
ation and to Vacate the Opinion and Order Filed October
31, 1978 at 3.  The United States contends that the Panel
misconstrued the scope of the remaining common factual
issues in the MDL-330 proceedings in its opinion and
order of October 31, 1978.  The United States urges the
Panel to vacate that opinion and to continue to transfer
actions involving Guillain-Barre claims.

We note initially that there is now some uncertainty
as to how many of the actions in this litigation involve
Guillain-Barre claims.  The United States has stated
that it may contest allegations that a particular injury

was Guillain-Barre Syndrome.  In addition to the complaints
which specifically allege Guillain-Barre Syndrome, a
number of complaints allege loss of sensation or paralysis
in general, or other neurological disorders which caused
varying degrees of loss of sensation or paralysis.  It
is possible that some of these alleged disorders may
later be found to be Guillain-Barre Syndrome.  Moreover,
a number of the complaints which include allegations
of Guillain-Barre Syndrome allege other types of injury
as well.  We find that, among all MDL-330 actions poten-
tially involving Guillain-Barre claims, key common
questions of fact exist concerning what, in fact, constitutes
Guillian-Barre Syndrome.

   With respect to the actions which ultimately are
found, or conceded, to involve Guillain-Barre claims,
we find the record before us unclear as to whether the
Secretary's statement has removed the issue of liability
from those claims.  The plaintiffs' steering committee
for MDL-330 represents in a brief before the Panel that
the United States "has declined to reduce [the Secretary's]
announcement to the terms of a binding stipulation, as
heretofore suggested by [Judge] Gesell, the transferee
judge."  Opposition to Motions to Vacate [Conditional
Transfer Orders] at 2.  Moreover, as noted above, the

United States in its brief in support of the motion for
reconsideration denies that the Secretary's statement
has removed the issue of liability from MDL-330 actions
involving Guillain-Barre claims.  Indeed, the very question
of what effect the Secretary's statement has upon the
MDL-330 actions has become an issue in this litigation,
and that issue can most efficiently be handled by the
transferee judge in a uniform fashion in the course of
the centralized pretrial proceedings.

In a statement filed in the transferee court, the
United States has specified as follows:  "In all cases,
the United States will admit that Guillain-Barre can
result from administration of the Swine Flu vaccine,
but the United States may contest that a particular
injury... was contracted from the administration of the
vaccine."  Statement of the United States Concerning
Litigation Procedure in Cases Arising Out of the Swine
Flu Program at 3.  The issue of causation of Guillain-Barre
Syndrome from administration of a swine flu vaccination
is a common thread which runs through all swine flu actions
involving Guillain-Barre claims.  Although the issue
of causation surely raises questions of fact individual
to each action involving Guillain-Barre claims, we are
now persuaded that the issue of causation in those actions
also raises common questions of fact concerning the scope

and manner by which administration of a swine flu vaccina-
tion can cause Guillain-Barre Syndrome.  This conclusion
is augmented by the fact that over 200 swine flu actions
involving Guillain-Barre claims are presently pending
in federal court and that more of these actions are antici-
pated.  See In re Swine Flu Immunization Products Liability
Litigation, supra, 446 F. Supp. at 246 n. 3.

Thus, we are of the opinion, on the basis of the
record presently before us, that continued supervision
by the transferee judge, who is familiar with the nuances
of this litigation, of all swine flu actions involving
Guillain-Barre claims is necessary to promote the efficient
judicial administration of these claims.

We note that Judge Gesell, at any time he considers
it appropriate, can recommend to the Panel that the Panel
remand any action or separable claim in which the common
pretrial proceedings have been completed and which would
no longer benefit from inclusion in the coordinated or
consolidated pretrial proceedings.  28 U.S.C. §1407(a);
Rule 11(c)(ii), R.P.J.P.M.L., supra, 78 F.R.D. at 569.
See, e.g., In re A. H. Robins Co., Inc. "Dalkon Shield"
IUD Products Liability Litigation, 453 F. Supp. 108 (J.P.M.L.
1978).  Judge Gesell, as the transferee judge, is the
firsthand judicial observer of these actions, and therefore
the Panel would be greatly influenced by his suggestion
that remand of any action or separable claim is appropriate.
See id. at 110.

B.  Moseley

Plaintiff in Moseley states that a related action
arising from the death of his wife is pending in California
state court against the physicians and facilities which
undertook the care and treatment of his wife during the
period between her receipt of a swine flu vaccination
on November 14, 1976 and her death on November 19, 1976.
Plaintiff asserts that identical discovery concerning
the properties of the swine flu vaccine will be necessary
in both the state and federal court actions.  Plaintiff
contends that transfer of Moseley to the District of
the District of Columbia would impose an unfair burden
on him because it would require him to duplicate these
identical discovery proceedings in two distant forums.

We find these arguments unpersuasive.  Plaintiff
in Moseley does not deny that Moseley involves common
questions of fact with the actions in the transferee
district.  For the reasons stated in our first two opinions
in this litigation, we find that Moseley involves common
questions of fact with the actions in the transferee
district and that transfer of Moseley is appropriate.
In re Swine Flu Immunization Products Liability Litigation,
supra, 446 F. Supp. at 246-47; 453 F. Supp. at 649-50.

The concern  of plaintiff in Moseley that transfer
will result in duplicative discovery efforts and hardship

is unwarranted.  The judicious use by the parties in
all MDL-330 actions of liaison counsel, lead counsel
and steering committees will eliminate the need for most
counsel ever to travel to the transferee district.  See
Manual for Complex Litigation, Part I, §§1.90-1.93 (rev.
ed. 1977).  Furthermore, witnesses will likely be deposed
in proximity to where they reside and, since transfer
pursuant to Section 1407 is for pretrial proceedings
only, there is usually no need for the parties and witnesses
to travel to the transferee district for depositions
or otherwise.  See, e.g., Fed.R.Civ.P. 45 (d)(2).  In
addition, the transferee judge has procedures available
through which appropriate discovery already completed
in earlier actions can be made applicable to Moseley,
see Manual for Complex Litigation, supra, Parts I and
II, §§3.11.  Also, because plaintiff in Moseley and other
plaintiffs in the transferee district have similar interests,
the plaintiffs will be able to pool their efforts and
resources.  Hence, plaintiff in Moseley will probably
experience a net savings of cost and effort as a result
of transfer.

We observe that certain measures could be taken
by plaintiff in Moseley to avoid duplication of effort
between his federal and state court actions.  For example,
plaintiff could seek to agree on a stipulation with de-
fendants that discovery schedules will be coordinated

in both actions and that all relevant discovery could
be used in each action.  See, e.g., The Union Light, Heat
& Power Co. v. United States District Court, ____ F.2d ____
(6th Cir., filed December 6, 1978) (No. 78-3442).

IT IS THEREFORE ORDERED that the motion for reconsider-
ation of the Panel's October 31, 1978 opinion and order
denying transfer under 28 U.S.C. §1407 with respect to
the actions entitled Jerry L. and Betty Porter v. United
States of America, et al., N.D. Ohio, C.A.No. C78-195,
and Garrett E. Winter v. United States of America, et
al., N.D. California, C.A. No. C78-1179-SC, be, and the
same hereby is, GRANTED; that the opinion dated October 31,
1978 be, and the same hereby is, VACATED; and that the
actions entitled Jerry L. and Betty Porter v. United
States of America, et al., N.D. Ohio, C.A. No. C78-195,
and Garrett E. Winter v. United States of America, et
al., N.D. California, C.A. No. C78-1179-SC, be, and the
same hereby are, transferred to the District of the District
of Columbia and, with the consent of that court, assigned
to the Honorable Gerhard A. Gesell for inclusion in the
coordinated or consolidated pretrial proceedings occurring
there.

- 15 -

IT IS FURTHER ORDERED that the actions entitled
Margaret M. Goldstein v. United States of America, E.D.
Pennsylvania, C.A. No. 78-2524, and John D. Moseley,
etc. v. United States of America, E.D. California, C.A.
No. S-78-411-PCW, be, and the same hereby are, trans-
ferred to the District of the District of Columbia and,
with the consent of that court, assigned to the Honorable
Gerhard A. Gesell for inclusion in the coordinated or
consolidated pretrial proceedings occurring there.